Bruce **GOLDSTEIN**, on behalf of August Barthaleme; and Protection and Advocacy System for Developmental Disabilities, Inc., Plaintiffs,

v.

Thomas A. **COUGHLIN** III, Individually and as Commissioner of New York State Office of Mental Retardation and Developmental Disabilities; and Nadine Hunter, M.D., Individually and as Director of Craig Developmental Center, Defendants.

No. Civ–79–256.

United States District Court,
W. D. New York.

Sept. 25, 1979.

Joseph L. Gerken, Neighborhood Legal Services, Buffalo, N. Y., for plaintiffs.

Robert Abrams, New York State Atty. Gen., New York City, for defendants; Douglas S. Cream, Asst. Atty. Gen., Buffalo, N. Y., of counsel.

CURTIN, Chief Judge.

This action has been initiated on behalf of August Barthaleme. He has resided at Craig Developmental Center, an institution for the mentally retarded operated by the New York State Office of Mental Retardation and Developmental Disabilities, since early childhood. Plaintiffs have alleged that he has not received any habilitative services, psychological or psychiatric counseling or other services during his residence at Craig in violation of the Developmentally Disabled Assistance and Bill of Rights Act, 42 U.S.C. §§ 6001–81, the Rehabilitation Act of 1973, the Constitution of the United States and of New York State, and the Mental Hygiene Law of New York State. The plaintiffs seek, *inter alia,* a comprehensive rehabilitative program to remedy the alleged deterioration in August Barthaleme, the authority to conduct sufficient discovery to determine whether widespread violations of residents' rights have occurred at Craig, and an injunction restraining defendants from retaliating against employees who wish to communicate with plaintiffs or other agencies. The defendants have made a motion to dismiss the action as to the plaintiff Protection and Advocacy System for Developmental Disabilities, Inc. ["PASDD"].

Defendants' motion argues that PASDD lacks standing to bring suit because PASDD has no connection with the Craig Developmental Center and alleges no violation of its own rights or interests. This argument totally ignores the section of the Developmentally Disabled Assistance and Bill of Rights Act which requires a state to have in effect a system to protect and advocate the rights of retarded persons which has the authority to pursue legal, administrative and other remedies. 42 U.S.C. § 6012. PASDD is the advocacy system in New York. Given the Congressional purpose to provide retarded persons with legal representation, as revealed in § 6012, and given PASDD's responsibilities as the designated advocacy system for this state, PASDD need show no injury to itself in order to have standing in this action.

*Naughton v. Bevilacqua,* 458 F.Supp. 610, 616, n. 3 (D.R.I.1978). Moreover, its expertise may be valuable as the case proceeds, especially with respect to issues which are not strictly confined to the condition of August Barthaleme. Therefore, defendants' motion is denied.

There also appears to be a question with respect to the order of this court signed on August 17, 1979. *See* Letter and Proposed Order of Douglas Cream, Assistant Attorney General, dated August 20, 1979. The parties are directed to meet with the court to settle this matter on October 9, 1979 at 9:00 a. m.

So ordered.