Carol LONG, Appellant/Intervenor,

v.

William SEELY, Chief Juvenile Office, Respondent.

No. 73308.

Missouri Court of Appeals, Eastern District, Division Three.

July 31, 1998.

Sarah S. Pleban, St. Louis, for appellant.

Terry Wiese, St. Louis, for respondent.

CRANDALL, Judge.

Appellant, Carol Long, appeals from the trial court's denial of her motion to intervene in a proceeding to determine the custody of her two grandchildren, S.W. and C.L. We reverse and remand with directions.

The record reveals that Carol Long (grandmother) was the maternal grandmother of S. W., born January 2, 1991, and of C. L., born January 2, 1997. Respondent, the Chief Juvenile Officer of St. Louis County, filed a petition for S.W. in June 1991, alleging mother's drug usage during pregnancy and cocaine in her system at S. W.'s birth rendered S.W. without proper care, custody, or support. *See* Section 211.031.1(1), RSMo (1994). From 1991 through 1995, legal custody of S.W. was with the Division of Family Services (DFS) and physical custody was with two different maternal aunts. In January 1996, S.W. was placed in foster care. In January 1997, a petition was filed for C. L., alleging, among other things, that mother had tested positive for cocaine after C. L.'s birth. Legal custody of C.L. was placed with DFS and physical custody was placed in foster care.

In May 1997, in an effort to obtain custody of the children, grandmother filed motions to intervene and to modify judgment. A hearing was held on August 26, 1997. The only evidence presented at the hearing was the testimony of grandmother. She testified that she was employed in the transportation department of a school district for over 15 years. She owned her own home where she lived with her eighteen year old son, who did not have a criminal record. She had a strong bond with S. W., who had lived with her for the eight months immediately after her birth while her mother was in jail; and felt she would develop one with C.L. if they were "together." She had visited with both children at every opportunity afforded by DFS. At the time of the hearing, mother was again incarcerated.

DFS presented no evidence at the hearing. It argued, however, that it opposed grandmother's motion to intervene because a "case plan [was] already in effect." DFS intended to terminate parental rights and to place the children for adoption.[1]

---

1. At the time of oral argument in this case, the children were still in foster care.

The court denied grandmother's motion to intervene. It found that grandmother "has had ample time to previously petition the Court for custody and has failed to do so." The court concluded, "[I]t would not be in the best interests of the children for grandmother to intervene in these cases."

■ The applicable standard of review is found in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court denying grandmother's motion to intervene will be reversed if it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *See Borgard v. Integrated Nat. Life Ins. Co.*, 954 S.W.2d 532, 535 (Mo.App. E.D.1997).

We address the issues raised on appeal in logical, rather than chronological order. The first issue on appeal is whether grandmother has standing to appeal from the trial court's denial of her petition to intervene. Section 211.177.1, RSMo (1994) gives grandmother the right to intervene:

A grandparent shall have a right to intervene in any proceeding initiated pursuant to the provisions of this chapter [Juvenile Courts], in which the custody of a grandchild is in issue, unless the juvenile judge decides after considering a motion to intervene by the grandparent that such intervention is against the best interest of the child.

■ The right of appeal is purely statutory. *State ex rel. McCulloch v. Schiff*, 852 S.W.2d 392, 394 (Mo.App. E.D.1993). In construing a statute, the legislative intent is to be determined from the language used in the statute and the words are to be considered in their plain and ordinary meaning. *In re Matter of C E R*, 796 S.W.2d 423, 424 (Mo. App.1990). The law favors a statutory construction that tends to avert an unreasonable result. *Id.*

■ Here, section 211.177.1 gives a grandparent the statutory right to intervene in custody matters in juvenile court. The statute thus confers standing to a grandparent. It can be inferred that the legislature, upon granting a grandparent the right to intervene and become a party in custody proceedings, would also guarantee him or her the right to appeal under section 512.010 from a ruling of the trial court depriving that right. To hold otherwise would create an unreasonable result.

Respondent contends the guardian ad litem is the only person entitled to institute an appeal on behalf of the children. Section 211.261.1, RSMo (1994) provides that "[a]n appeal shall be allowed to the child from any final judgment, order or decree made under the provisions of this chapter and may be taken on the part of the child by its parent, guardian, legal custodian, spouse, relative or next friend." Grandmother counters that she has standing to appeal because she is a relative under section 211.261.1. She further asserts that she falls within the parameters of the case of *In Interest of J.L.H.*, 647 S.W.2d 852, 857 (Mo.App.1983) in that she made a bonafide attempt at and was in substantial compliance with section 211.261.1 when she brought the appeal.

■ In the case before us, it is unnecessary to decide whether grandmother is a relative under section 211.261.1, because the appeal from the denial of her motion to intervene is not brought on behalf of the children. The party aggrieved by the court's ruling is grandmother, who was deprived of the right to intervene in a proceeding regarding the custody of her two grandchildren. Grandmother is appealing not from the denial of any of the children's substantive rights, but from the denial of her own legally cognizable interest in being a party to the custody proceeding. Grandmother is challenging the trial court's ruling as the party adversely affected, not as a representative of the children. Grandmother thus has standing to appeal from the decision of the juvenile court denying her motion to intervene.

The next issue is whether the judgment of the juvenile court is final for purposes of appeal. Respondent contends that the order is not final and appealable because it does not address the disposition or treatment of the children. *See* Rule 119.06.

The facts in the instant action are analogous to the facts of *In re Adoption of A D A*,

789 S.W.2d 842 (Mo.App.1990). That case involved an adoption in which the trial court denied a mother's motion to withdraw her consent to the adoption of her child prior to the hearing on the petition to transfer custody and subsequently a decree of adoption. *Id.* at 843. The appellate court found that the denial of mother's motion was a final judgment subject to appeal, stating:

> The status of the mother as a party in respect to an adoption proceeding was at issue. There is no reason the determination of this status is not final. Such finality is desirable to lend stability to the transfer of lawful and actual custody and subsequent bonding period of a least nine months. The judgment of the court denying the motion to withdraw disposes of all issues raised by that motion and is appealable.

*Id.* (Citation omitted).

■ Similarly, in the present case, the order denying permission to intervene disposed of grandmother's rights. The order deprived grandmother of the sole remedy she had to preserve her substantive right to be a party to the proceeding regarding the custody of her grandchildren. The denial of grandmother's motion determined her status in the custody proceeding and disposed of all issues raised in her motion. Thus, the denial of grandmother's motion to intervene was final for purposes of appeal.

The last issue on appeal is whether the trial court erred in denying grandmother's motion to intervene in the custody proceeding. Although the trial court found that grandmother had ample time to petition for custody but failed to do so, its ultimate conclusion was that it would "not be in the best interests of the children" to permit grandmother to intervene.

■ The test under section 211.177.1 is not whether it would be in the best interest of the child for a grandparent to intervene, but rather whether such intervention would be "against the best interest of the child." The statute therefore creates a rebuttable presumption that a grandparent has a right to intervene, absent evidence it would be against the child's best interest. Thus, once a grandparent establishes that he or she is entitled to intervene under section 211.177.1, the burden of going forward with the evidence shifts to the party seeking to prevent the intervention. The party opposing the intervention must present evidence to establish it would be against the best interest of the child to permit the grandparent to intervene.

Here, the only evidence adduced at the hearing on grandmother's motion to intervene was grandmother's testimony. Respondent contends the trial court considered evidence other than grandmother's testimony, because it specifically took judicial notice of the "legal files and the documents and reports contained therein." Respondent particularly references a letter from DFS expressing concern over, among other things, previous drug charges involving grandmother as well as grandmother's ability to support and supervise the children.

Respondent's argument is without merit. Although the DFS letter did delineate concerns over placing the children with grandmother, the letter was not dispositive of the issue of grandmother's ability to care for the children. In fact, the letter recommended the completion of a "more thorough study" of grandmother's living conditions prior to placement, in order to determine "her physical and emotional ability to take care of two young children."

■ Here, the record indicates that respondent did not sustain the burden of going forward with evidence to rebut the presumption that grandmother had the right to intervene in the custody proceeding. At the hearing, respondent did not cross-examine grandmother either about the drug allegations or about her ability to care for and support the children. Respondent did not offer any evidence to contradict grandmother's testimony regarding the stability of the home she could provide for the children. Respondent did not introduce any evidence to establish that grandmother was financially, morally, or emotionally unfit to care for the children. The sole objection to the intervention of the grandmother, as stated at the hearing, was that DFS had a case plan in effect and wished to terminate parental

rights. Because respondent presented no evidence to establish that grandmother's intervention was against the best interests of the children, grandmother was entitled to intervene in the custody proceeding. Our review of the record leaves us with the firm belief that the trial court's denial of grandmother's motion to intervene was against the weight of the evidence

Our decision is concerned exclusively with the court's ruling on grandmother's motion to intervene. We make no assessment of the merits of grandmother's claim for custody of the children. The issue of the children's custody is for the trial court to determine in a later proceeding in which grandmother will be entitled to present evidence regarding the placement she considers to be in the best interests of the children.

The judgment of the trial court is reversed and the cause is remanded with directions to the trial court to grant grandmother's motion to intervene in the custody proceeding.

AHRENS, P.J. and KAROHL, J., concur.