**In the Interest of S.R.L.**

**Bruce Cooper and Vicki Cooper, Appellants.**

**No. 22198.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 15, 1999.

Brian D. Waller, Law Offices of Sotta & Crane, Joplin, Mo., for Appellant.

Jerry L. Holcomb, Collins, Webster & Rouse, P.C., Joplin, Mo., for Respondent.

JAMES K. PREWITT, Presiding Judge.

The child in this matter was born on August 16, 1995. On May 10, 1996, the child was removed from her birth mother's home by the Jasper County Circuit Court, Juvenile Division. Three days later, the minor child was placed in the physical custody of foster parents Michael Booker and Heather Booker, where the child continues to reside. The Bookers filed a Petition for Adoption and Transfer of Custody of the minor child on November 12, 1997. The Jasper County Cir-

cuit Court transferred custody of the minor child to the Bookers on March 4, 1998. It appears from the record that the adoption proceeding in case number JU197–525A filed in Jasper County is pending.

Appellants in this case, Bruce Cooper, and his wife Vicki Cooper, filed a Motion to Intervene in the above-referenced Jasper County case on January 14, 1998. Bruce Cooper is the maternal great-uncle of the minor child. On March 4, 1998, a hearing was held before the Honorable George C. Baldridge, at which Motion to Intervene was denied.

■ Appellants' first point alleges that the trial court erred in denying their Motion to Intervene because they have a right to intervene. Missouri Rules of Civil Procedure, Rule 52.12, allow for intervention, both by right and permissive, in an action already pending. An order denying a motion to intervene under Rule 52.12(b), a "permissive intervention," is not a final judgment, and therefore not reviewable on appeal. *Ratermann v. Ratermann Realty & Investment Co.*, 341 S.W.2d 280, 286 (Mo.App.1960). There is a right to appeal, however, from a denial of a motion for intervention by right under Rule 52.12(a). *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 291 (Mo.banc 1978). *See also State ex rel. Dolgin's Inc. v. Bolin*, 589 S.W.2d 106, 108 (Mo.App.1979). Rule 52.12(a) is set forth marginally.[1]

Appellants' Motion to Intervene does not specify whether the motion is filed under Rule 52.12(a) or (b). The body of the motion states:

> COMES NOW Brian D. Waller of the Law Offices of Sotta and Crane, P.C., and moves the Court to allow him to intervene in this cause on behalf of the maternal great uncle, Bruce Cooper and his wife Vicki Cooper.
>
> WHEREFORE, Brian D. Waller requests the Court to allow him to intervene in this matter as counsel for Bruce Cooper and Vicki Cooper.

■ The Motion to Intervene filed by Appellants failed to state the grounds for intervention and was not accompanied by a pleading setting forth the claim or defense for which intervention was sought as is required by Rule 52.12(c). By not setting forth grounds which would make the intervention one of "right," we conclude only "permissive" intervention was sought. As such, there is no appeal from the order denying intervention.

The appeal is dismissed.

CROW, J., and PARRISH, J., concur.

---

1. Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.