**In the Matter of M.M.P.,
Juvenile, Plaintiff.**

**Missouri Protection & Advocacy
Services, Appellant,**

**v.**

**Alan M. Gremli, Juvenile Officer,
Missouri Department of Social
Services, Respondent.**

**No. WD 56659.**

Missouri Court of Appeals,
Western District.

Jan. 18, 2000.

Steven Wolcott, Liberty, Michael H. Finkelstein, Jefferson City, Attys. for Appellant.

Max Von Erdmannsdorff, Esq., Atty. Kansas City, for Alan Gremli.

Roya R. Hough, Jefferson City, Atty. for MO Dept. of Social Services.

Before: Presiding Judge LOWENSTEIN, Judge HANNA and Judge LAURA DENVIR STITH.

HAROLD L. LOWENSTEIN, Judge.

Appellant Missouri Protection and Advocacy Services, Inc. (hereinafter "MOPAS"), appeals the order of the Family Court of Clay County Circuit Court denying MOPAS' motion to intervene on behalf of M.M.P., a developmentally disabled child. M.M.P. is a ward of the Family Court and is in the care and custody of the Division of Family Services. On appeal, MOPAS asserts the trial court erred in denying its motion to intervene because the organization has a right to do so under Missouri Rule of Civil Procedure 52.12(a). MOPAS is a not-for-profit corporation designated by the state under federal statute to be an advocate for developmentally disabled and mentally ill persons.

The Juvenile Officer of Clay County filed a petition in the Family Court regarding M.M.P., a developmentally disabled child. The Juvenile Officer alleged that M.M.P., then four years old, was in need of the care and treatment of the court because his mother was unable to control or to provide for his special needs. On June 19, 1997, the Family Court issued an order under the authority of § 211.183, RSMo Cum Supp.1998, exercising its jurisdiction over M.M.P., removing him from his home, making him a ward of the court and placing him in the care and custody of the Division of Family Services.

On November 24, 1998, MOPAS filed its Motion to Intervene on behalf of M.M.P. In its motion, MOPAS averred that it was authorized under 42 U.S.C. § 6042(a)(2)(A)(i) and 42 U.S.C. § 10801, et. seq., to protect and advocate for the rights of persons with developmental disabilities. MOPAS pled that it had received complaints that M.M.P. had been subjected to abuse and neglect, had been misdiagnosed and had been subjected to improper, inappropriate and injurious mental health care, all while in the care of the court. Based on the foregoing, MOPAS sought to intervene on M.M.P.'s behalf. In addition to relying on the above-mentioned federal statutory authorization, MOPAS asserted that this court's decision in *In the Estate of Witt,* 880 S.W.2d 380 (Mo.App.1994), supported its motion to intervene. In that case, this court held

"MOPAS was 'an interested person' and had standing to intervene" in a probate matter involving an incapacitated and disabled person.

On November 25, 1998, the trial court issued a denial of MOPAS' motion to intervene. The notice of denial was written as follows, "Mo. Protection & Advocacy Services Motion to Intervene denied. JW/mc." "JW" represents the typed initials of the judge. The notice was signed only by the deputy clerk of court.

The respondents here are Alan Gremli, the county juvenile officer, Allison Blessing, the guardian ad litem, the Missouri Division of Family Services, and the child's mother, S.P.

■ The preliminary issue is whether the notice of denial of the motion to intervene constitutes a final and appealable judgment. The notice of denial was not denominated a judgment, nor was it signed by a judge. The recent case of *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo. banc 1997), held that under § 512.020, RSMo 1994, the right to civil appeal is predicated upon there being a final judgment, and under Rule 74.01(a) a final judgment is entered when a document denominated "judgment" and signed by the judge is filed. The Court went on to hold the requirements of Rule 74.01 were not mere formalities but constituted a bright line test in determining the finality question for purposes of appeal. Subsequent to *Hughes,* this court in the case of *In Re M.P.W.,* 983 S.W.2d 593, 596 (Mo.App. 1999) held the "denomination" requirement of Rule 74.01 was inconsistent with Juvenile Procedure Form 128.14 and forms for dispositional orders in juvenile cases. This court's later opinion, *In Re C.A.D.,* 995 S.W.2d 21, 25–7 (Mo.App.1999), went on to hold that while the "denomination" requirement of Rule 74.01 was inconsistent with juvenile dispositional orders, the sig-

nature of a judge requirement of Rule 74.01 was still necessary for the judgment to be appealable. As detailed above, the notice of denial of MOPAS' motion to intervene was not signed by the circuit court judge. By the caselaw of this state, the failure of the juvenile judge to sign the denial keeps this matter from being a final appealable judgment.[1] Accordingly, MOPAS is without the right to appeal and this matter should and will be dismissed. Even though this appeal must be dismissed, out of fairness to the parties, an analysis follows regarding the merits of the matters contained in the MOPAS appeal.

■ Rule 52.12 is the rule governing intervention in court proceedings. Rule 52.12(a) addresses intervention as a matter of right. Rule 52.12(b) governs permissive intervention. In its motion to intervene, MOPAS did not specify under which statutory subsection it was seeking to intervene. However, a party can only appeal from an order denying a motion to intervene under subsection (a) of Rule 52.12. "An order denying a motion to intervene under Rule 52.12(b), a 'permissive intervention,' is not a final judgment, and therefore not reviewable on appeal." *In Interest of S.R.L.,* 984 S.W.2d 558, 559 (Mo.App. 1999) citing *Ratermann v. Ratermann Realty & Inv. Co.,* 341 S.W.2d 280, 286 (Mo. App.1960). Therefore, if MOPAS' motion to intervene is deemed to have been alleged under Rule 52.12(b), then it is without a right to appeal the denial of such and this action must be dismissed. If, however, the motion to intervene was considered to have been sought under Rule 52.12(a), then that subsection should be read:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when

---

1. Again, it should be noted the notice by the Family Court did not contain the denomination of judgement or contain the word judgment in the ruling. However, consistent with this court's prior rulings, these facts do not keep the matter from being final and subject to appeal.

the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impeded the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Under Rule 52.12(c) a motion to intervene "shall state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." In order to consider the motion to intervene as asserting a right under Rule 52.12(a), MOPAS must have sufficiently set forth applicable grounds in its pleading. *In the Interest of S.R.L.*, 984 S.W.2d at 559. That is, MOPAS must have pled (1) that it had an unconditional right to intervene as granted by a state statute or (2) that it had an interest in the subject of the transaction that was not adequately protected.

■ It cannot be said from MOPAS' motion to intervene that it adequately pled a right to intervene under 52.12(a)(1). MOPAS' did not plead that a "statute of this state" gave them an "unconditional right to intervene." First, MOPAS' citations to statutory authority are to the United States Code, not to a "statute of this state." And, second, even in its claim that the U.S. Code authorizes MOPAS to pursue remedies to protect developmentally disabled individuals, MOPAS never pled and it cannot be asserted that the statute gives them an "unconditional" right to intervene as required under Rule 52.12(a)(1). MOPAS' pleading was inadequate to assert a right to intervene under Rule 52.12(a)(1).

■ To assert a right to intervene under subdivision (2) of Rule 52.12(a), MOPAS must have pled that it had "an interest relating to the property or transaction that is the subject of the action," and is so situated that a disposition of the action will impair or impede the ability of the appellant to protect its interests (unless

adequately represented by the existing parties). To that end, MOPAS pled as follows:

11. In *Witt, supra* at 381–382, the Missouri Court of Appeals held that "MOPAS can assert the rights of [the protectee] in its own name." The court concluded, therefore, that MOPAS was "an interested person" and had standing to intervene. *Witt* is applicable here and supports the grant of this Motion.

MOPAS seems to argue that since this court held it had an interest in the matter involved in *Witt*, MOPAS has an interest in this matter as well. However, *Witt* did not establish that MOPAS has an interest in *all* proceedings involving the developmentally disabled. Rather, that case was limited to a ruling that MOPAS had an interest in the particular transaction before that court. *Witt* was a probate proceeding involving the estate of an incapacitated and disabled person. Specifically, the conservator sought to sell Witt's house, and MOPAS was allowed to intervene, when the court, one day after application of the conservator, without notice or hearing, ordered the sale. MOPAS cannot assert that since it was found to have an interest in *Witt*, it has an interest in the transaction here involved. MOPAS must have pled that it had "an interest relating to the transaction" involved in *this* particular case. This MOPAS failed to do. MOPAS' motion to intervene was insufficient to plead a right to intervene under Rule 52.12(a)(2). Further, MOPAS made no showing before the trial court of how the appellant's ability to protect its interest would be impeded if intervention was denied.

■ MOPAS did not adequately plead a right to intervene under either subdivision (1) or (2) of Rule 52.12(a). Therefore, since the motion was not sufficient to allege intervention "of right," this court must conclude that only "permissive" intervention was sought. As above noted, there is no right to appeal from an order

denying permissive intervention. While it is true that in *State ex rel. St. Joseph, Mo. Ass'n of Plumbing, Heating and Cooling Contractors, Inc. v. City of St. Joseph*, 579 S.W.2d 804, 806 (Mo.App.1979), this court stated that "compliance with the pleading requirement may be excused in compelling circumstances," there has been no showing here that such compelling circumstances exist.

This appeal is dismissed.

All concur.