Christy Beth BALDWIN, Petitioner,

v.

David Lane BALDWIN, Respondent–Respondent,

State of Missouri, Department of Social Services, Family Support Division, Appellant.

No. 26685.

Missouri Court of Appeals, Southern District, Division One.

Oct. 6, 2005.

Application for Transfer Denied Oct. 24, 2005.

Application for Transfer Denied Nov. 22, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Gary A. Troxell, Asst. Atty. Gen., Springfield, MO, for Appellant.

James R. Sharp, Sharp & Bredesen, Springfield, MO, for Respondent.

JAMES K. PREWITT, Presiding Judge.

State of Missouri, Department of Social Services, Family Support Division ("FSD"), appeals the denial of its motion to intervene in an action it filed pursuant to § 454.400.2, RSMo 2000, for modification of an existing child support order.[1]

In May of 1996, the marriage of David Baldwin ("Father") and Christy Baldwin ("Mother") was dissolved by the Circuit Court of Greene County. Joint legal custody of the couple's three minor children was awarded to the parties. Father was ordered to pay to the Clerk of the Circuit Court of Greene County, as trustee for Mother, $1,070.00 per month as child support; $356.66 each for two sons, Grant, born September 23, 1981, and Taylor, born February 27, 1985, and $356.67 for daughter, Kelsey, born March 10, 1988. On July 28, 1999, the child support order was amended, and Father was ordered to pay $356.66 per month directly to Grant and $713.33 per month to the Clerk of the Circuit Court of Greene County, as support for Taylor and Kelsey.

By letter dated March 25, 2003, to "Child Support Modification Unit," Mother requested a "modification review" of the child support award. Upon review and its determination that "circumstances have changed so substantially and on a continuing basis so as to make the terms of the existing support order unreasonable," FSD filed a motion to modify the child support order in the Circuit Court of Greene County on March 15, 2004. The changes in circumstances alleged in the motion to modify included: (1) that Grant was over the age and twenty-two and no longer entitled to support; and (2) that the presumed child support calculated "would re-

---

1. This matter was primarily handled by a Family Court Commissioner who recommended denial of FSD's motion to intervene to the circuit judge who entered judgment in accordance with the Commissioner's recommendation.

sult in a change of more than twenty percent, ... thus creating a presumption of modification."

Father moved to dismiss, alleging in part, that FDS did not seek leave to intervene and did not establish standing to bring the motion to modify. In response to Father's motion to dismiss, FSD submitted suggestions in opposition, positing that permission to intervene was not necessary nor appropriate in that it had a statutory right to prosecute child support actions under § 454.400. By docket entry dated May 24, 2004, the Family Court Commissioner deferred ruling on Father's motion to dismiss, finding that FSD was entitled to file an independent action under § 454.400, and further finding that FSD must move to intervene. The Commissioner granted FSD thirty days in which to file a motion for leave to intervene.

On June 9, 2004, FSD filed its motion to intervene, pursuant to Rule 52.12(a). Following a hearing on the matter, the Commissioner recommended denial of the motion, finding that FSD's right to intervene in this case was "conditional," and that FSD failed to meet its burden in proving that the action below involved a "IV–D case" pursuant to § 454.400, RSMo. The Commissioner also concluded that the Attorney General's representation of Mother in this action is a conflict of interest in that the Attorney General represented Father "in substantially the same related matter" in 2002.

 The denial of FSD's motion to intervene under Rule 52.12(a) is appealable. *In the Interest of S.R.L.*, 984 S.W.2d 558, 559 (Mo.App.1999). Upon review of the denial of a motion to intervene, this court will affirm unless there is no substantial evidence to support the denial, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Liquidation of Professional Medical*

*Ins. Co.*, 92 S.W.3d 775, 778 (Mo.banc 2003). The facts are considered in the light most favorable to the trial court's ruling. *In the Interest of M.B.*, 91 S.W.3d 122, 125 (Mo.App.2002).

In Point I, FSD contends the trial court erred in finding that the underlying action did not involve a IV–D case. Its second and third points challenge findings that FSD was required to seek leave to intervene and that intervention by FSD was permissive. Under its fourth point, FSD assigns error to the trial court's finding that a conflict of interest exists in the Attorney General's representation of Mother in this matter.

 The "Child Support Enforcement Amendments of 1984" were adopted by the United States Congress as amendments to Part D of Title IV of the Social Security Act and are aimed at strengthening child support enforcement and paternity establishment programs previously authorized by the Act. *Wills v. Wills*, 750 S.W.2d 567, 570 (Mo.App.1988). In order for states to qualify for federal public assistance funds, states must comply with requirements set forth in Title IV, Part D of the Social Security Act, 42 U.S.C.A. §§ 651–669b, which require states to establish a detailed state plan for a child support enforcement program. *Blessing v. Freestone*, 520 U.S. 329, 333, 117 S.Ct. 1353, 1356, 137 L.Ed.2d 569, 577–78 (1997). Compliance with the federal guidelines is mandatory in order for a state to receive funding for such programs. *Id.*

 Missouri's General Assembly responded in 1986 by adopting the "Child Support Enforcement Act," originally set forth in §§ 454.400 through 454.528, RSMo 1986. *Wills*, 750 S.W.2d at 571. Missouri's Act provides for enforcement of child support obligations by the State, "acting through the Division of Child Sup-

port Enforcement of the Department of Social Services [now FSD], prosecuting attorneys, or attorneys in cooperation with the Division[.]" *Id.* While primarily applicable to situations where support payments have been assigned to the State of Missouri or where FSD renders child support enforcement services, the Act also applies to persons who do not receive public assistance. *Shadwick v. Byrd,* 867 S.W.2d 231, 234 (Mo.App.1993). *See also Werths v. Director, DCSE,* 95 S.W.3d 136, 143 (Mo.App.2003); *Smith v. State ex rel. Rambo,* 30 S.W.3d 925, 928 (Mo.App.2000).

Section 454.425, amended effective July 1, 1997, provides, in part, that the division "shall render child support services authorized pursuant to this chapter to persons who are not recipients of public assistance as well as to such recipients. Services may be provided to children, custodial parents, noncustodial parents and other persons entitled to receive support." Services referred to above include "services relating to the establishment of paternity and the establishment, modification and enforcement of child support obligations," § 454.400.2(14), and "review [of] the adequacy of child support orders in IV–D cases to determine whether modification is appropriate pursuant to the guidelines established by supreme court rule 88.01." § 454.400.2(13). A "IV–D" case is one "in which services are being provided pursuant to section 454.400." § 454.460(8).

Respondent contends that the action below did not fall into the category of a "IV–D case," as it does not involve any determination of paternity, no public assistance is being received or has been received by the family, and there is already in place a judicial order for child support. This issue has been settled by the U.S. Supreme Court in *Blessing v. Freestone, supra.* There, the Supreme Court stated that, un-

der Title IV, Part D, "a State must provide [child support enforcement] services free of charge to AFDC [now TANF] recipients and, when requested, for a nominal fee to children and custodial parents who are not receiving AFDC payments." *Id.* at 333, 117 S.Ct. at 1356, 137 L.Ed.2d at 577–78. Such compliance requires the state "IV–D agency to provide child support enforcement services to *any* child for whom application is made." *Id. See* 42 U.S.C. § 654.

In a case where a judicial order exists and upon request by a child support recipient receiving support enforcement services pursuant to § 454.425, as is the case here, § 454.496.1 allows "the obligated parent, the obligee or the division of child support enforcement" to file a motion to modify an existing child support order following a determination under § 454.400.2(13) that "modification is appropriate pursuant to the guidelines established by supreme court rule 88.01[.]" *See also Kubley v. Brooks,* 141 S.W.3d 21, 25 (Mo.banc 2004). Missouri's statutory scheme establishes procedural guidelines for judicial review of the administrative order and *de novo* review upon a determination that a support order is not in accord with guidelines and criteria pursuant to rule 88.01. *See, e.g.,* §§ 452.370, and 454.496; *State ex rel. Hilburn v. Staeden,* 91 S.W.3d 607, 609–10 (Mo.banc 2002); *Chastain v. Chastain,* 932 S.W.2d 396, 397–98 (Mo.banc 1996). We find that § 454.400.2(13), RSMo 2000 conferred a right to FSD to initiate an action for modification of child support or intervene, pursuant to Rule 52.12(a). FSD's first three points have merit.

As to FSD's challenge to the trial court's finding of a conflict in interest, we find insufficient evidence to establish Father's claim that he was previously represented in a similar matter by the Attorney General. Nonetheless, § 454.513.1 provides that

any attorney, prosecuting attorney or circuit attorney initiating legal proceedings on behalf of FSD shall represent FSD exclusively, and no attorney-client relationship shall exist between the attorney and any applicant for or recipient of child support enforcement services.

The cause is reversed and remanded to the trial court for it to set aside its order denying FSD's motion to intervene and to grant said motion and otherwise proceed consistent with this opinion.

PARRISH, J., and RAHMEYER, J., concur.