

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| JEFFREY WUNDERLICH, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) WD79467 |
| SHARON WUNDERLICH, | ) |
| | ) OPINION FILED: |
| Respondent, | ) November 1, 2016 |
| | ) |
| | ) |
| NATIONAL GENERAL INSURANCE | ) |
| ONLINE, INC., | ) |
| | ) |
| Appellant/Proposed Intervenor. | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Marco A. Roldan, Judge**

**Before Division Two:** Lisa White Hardwick, Presiding Judge, and
Karen King Mitchell and Anthony Rex Gabbert, Judges

National General Insurance Online, Inc. (Insurer), appeals from the denial of its motion to

intervene as a matter of right in an underlying personal injury lawsuit filed by Jeffrey Wunderlich

(Husband) against Sharon Wunderlich (Wife). Insurer argues that the trial court erred in denying

its motion to intervene because, as Wife's insurance carrier, Insurer had an absolute right to

intervene to protect its interest when it offered to provide Wife a full defense without a reservation

of rights and pursuant to an excess protection letter (where Insurer agreed to fully indemnify Wife beyond her policy limits). We affirm.

## Background[1]

On September 30, 2012, Husband and Wife were travelling in a 2008 BMW insured by Insurer. At some point, Husband exited the vehicle and was walking along the road when Wife struck him with the vehicle, causing numerous serious injuries.

On January 6, 2015, Husband sent Insurer a settlement demand letter, seeking payment of the full policy limit of $250,000 for personal injuries. Attached to the demand letter were police reports, medical reports, and medical bills totaling over $200,000. The demand letter indicated that, if Insurer did not respond within thirty days, a lawsuit would be filed. Insurer did not respond. Husband's counsel followed up with Insurer on February 6, 2015, and again received no response.

Wife then retained her own counsel who, on April 28, 2015, sent another demand letter to Insurer, expressing concerns that Wife's negligence "created a liability well in excess of her policy limits." The demand letter urged Insurer to resolve the matter within the policy limits and not subject Wife to personal liability in excess of the policy limits. Insurer did not respond.

On June 25, 2015, Wife's counsel sent Insurer a letter, requesting the claim file related to the incident. Insurer did not respond. On July 1, 2015, Wife's counsel sent Insurer a second letter, advising Insurer that if it did not turn over Wife's underwriting and claim file within fourteen days, Wife would file a complaint with the Department of Insurance. On July 28, 2015, having received no response from Insurer, Wife filed a complaint with the Department of Insurance.

---

[1] "In reviewing the trial court's denial of intervention as of right, 'we consider the facts in the light most favorable to the court's judgment.'" *Kinney v. Schneider Nat'l Carriers, Inc.*, 200 S.W.3d 607, 610 (Mo. App. W.D. 2006) (quoting *In the Interest of M.B.*, 91 S.W.3d 122, 125 (Mo. App. E.D. 2002)).

That same day, Husband filed a petition against Wife, seeking damages resulting from Wife's negligence in striking him with the vehicle. Shortly thereafter, Insurer retained counsel to represent Wife in the pending lawsuit. On August 3, 2015, Insurer responded to Wife's counsel advising that it would provide the claim file for the incident and reminding Wife that, under the terms of the policy, she had a duty to cooperate. On August 5, 2015, Wife's counsel denied consent for Insurer's counsel to enter an appearance on Wife's behalf. Wife's counsel advised that she was exploring a settlement agreement with Husband under § 537.065.[2]

On September 2, 2015, counsel retained by Insurer for the purpose of defending Wife sent a letter to Wife's counsel expressing Insurer's willingness to "pay any final judgment entered on the allegations of the current Petition," regardless of policy limits and without any reservation of rights, if Wife would agree to fully cooperate with Insurer in defense of the lawsuit. The letter advised that, if Wife pursued a settlement agreement under § 537.065, Insurer would view her actions as a violation of the cooperation clause of her insurance contract and disclaim coverage for any resulting judgment. On October 18, 2015, Wife refused Insurer's offer of defense and sent Insurer a copy of the proposed § 537.065 settlement agreement. Wife's counsel urged Insurer to sign the § 537.065 agreement, but Insurer refused.

On December 3, 2015, the court set the matter for a one-day bench trial on February 25, 2016. On January 7, 2016, Wife filed an answer admitting all allegations of wrongdoing, but claiming she was without sufficient information regarding the nature and extent of Husband's injuries and damages and intended to "require [Husband] to be put to his proofs." On February 12, 2016, Insurer filed a motion to intervene, arguing that Wife was in violation of the cooperation clause of the insurance contract by permitting the matter to proceed to an uncontested bench trial

---

[2] All statutory citations are to the Revised Statutes of Missouri 2000, as updated through the most recent Cumulative Supplement.

and judgment.  After hearing arguments on the motion, the trial court refused to allow Insurer to intervene.  Insurer appeals.

**Standard of Review**

"The denial of a motion to intervene as of right under Rule 52.12(a)[3] must be affirmed unless it is against the weight of the evidence, it is unsupported by sufficient evidence, or it either misinterprets the law or misapplies the law." *Kinney v. Schneider Nat'l Carriers, Inc.*, 200 S.W.3d 607, 609 (Mo. App. W.D. 2006) (quoting *Moxness v. Hart*, 131 S.W.3d 441, 444 (Mo. App. W.D. 2004)).  "In reviewing the trial court's denial of intervention as of right, 'we consider the facts in the light most favorable to the court's judgment.'" *Id*. (quoting *In the Interest of M.B.*, 91 S.W.3d 122, 125 (Mo. App. E.D. 2002)).

**Analysis**

Insurer raises a single claim on appeal, challenging the trial court's denial of its motion to intervene as a matter of right under Rule 52.12(a).[4]

> Upon timely application anyone shall be permitted to intervene in an action:  (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 52.12(a).  Insurer does not claim that there is any statute conferring upon it an unconditional right to intervene; instead, Insurer argues that it was entitled to intervene under subsection (2).

"To intervene as a matter of right under Rule 52.12(a)(2), the [would-be] intervenor must show:  (1) an interest in the subject matter; (2) disposition of the action may impede its ability to protect that interest; and (3) the applicant's interest is not adequately represented by the existing

---

[3] All Rule references are to the Missouri Supreme Court Rules (2016).
[4] The denial of an application to intervene as of right is an appealable order.  *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 291 (Mo. banc 1978).

4

parties."[5] *Griffitts v. Campbell*, 426 S.W.3d 684, 687 (Mo. App. S.D. 2014) (quoting *In re Clarkson Kehrs Mill Transp. Dev. Dist.*, 308 S.W.3d 748, 752 (Mo. App. E.D. 2010)). "The trial court may deny the applicant's motion to intervene if any one of these requirements is not met." *Id*. at 688 (quoting *Clarkson*, 308 S.W.3d at 753). Here, because Insurer failed to establish an interest in the subject matter, the trial court committed no error in denying intervention.

"A liability insurer whose . . . insured is an alleged tortfeasor does not have an 'interest' in an action by an injured person against the . . . insured-tortfeasor," supporting "the insurer's intervention . . . as a matter of right under Rule 52.12(a)(2), unless the injured person's 'potential' claim against the insurer for indemnity has become an 'actual' claim for indemnity." *Id*. Before a potential claim for indemnity can become an actual claim for indemnity, "any judicially pending 'question of coverage' [must be] resolved, . . . the injured person [must have] obtained a judgment against the tortfeasor," and the injured person must have "demanded the insurer pay the judgment." *Id*. (quoting *Augspurger v. MFA Oil Co.*, 940 S.W.2d 934, 937 (Mo. App. W.D. 1997)).

Setting aside whether there is a pending "question of coverage" here,[6] Insurer cannot demonstrate an interest because Husband has neither obtained a judgment against Wife nor

---

[5] An additional showing is also required: the application to intervene must be "timely." Rule 52.12(a). In Respondent's Brief, Husband argues that Insurer's application was untimely insofar as it was filed over a year after Husband's initial demand letter and less than two weeks before the scheduled trial date.

> Like reasonableness, timeliness (where not specified by statute, rule or order) is a relative matter, depending on the circumstances of each particular instance in which it is asserted that timely action was not taken. In general it may be said that the concept comprehends the principal that delay by a litigant should not be allowed to unfairly inconvenience or disadvantage another.

*State ex rel. Transit Cas. Co. v. Holt*, 411 S.W.2d 249, 253 (Mo. App. 1967). "It is within a trial court's discretion to determine whether a motion to intervene is timely." *State ex rel. Strohm v. Bd. of Zoning Adjustment of Kansas City*, 869 S.W.2d 302, 304 (Mo. App. W.D. 1994). Here, we need not resolve whether Insurer's motion was timely, as Insurer was not entitled to intervention, even upon a timely motion, under these facts.

[6] Insurer's motion to intervene claimed that it was entitled to intervention as a matter of right because Wife was in violation of the cooperation clause of her insurance contract by refusing to allow Insurer to control the defense. Insurer previously advised Wife that violation of the cooperation clause would lead Insurer to *disclaim coverage* for any resulting judgment. Wife responded, however, that Insurer breached its fiduciary duties to Wife when it failed to timely consider or convey to Wife Husband's demand letter for the policy limits, leading Wife to retain her own counsel. In short, both Wife and Insurer believe there has been a breach of the insurance agreement, which may affect

5

demanded that Insurer pay that non-existent judgment. "The [alleged] interest must be a 'direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action.'" *Borgard v. Integrated Nat'l Life Ins. Co.*, 954 S.W.2d 532, 535 (Mo. App. E.D. 1997) (quoting *Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 479 (Mo. App. W.D. 1992)). To be sufficiently "direct and immediate," the would-be intervenor must show that he or she "will either gain or lose by the *direct* operation of the judgment that may be rendered therein." *Id*. (emphasis added).

Here, the direct operation of any judgment against Wife would establish only her liability for Husband's injuries and the amount of damages to which Husband is entitled. Unless and until Insurer is called upon to make indemnity on such a judgment, Insurer lacks the direct interest required by Rule 52.12(a)(2). *See Flippin v. Coleman Trucking, Inc.*, 18 S.W.3d 17, 21 (Mo. App. E.D. 2000) (before potential indemnity transforms to actual indemnity, "a demand for payment on the judgment must be made."); *Whitehead*, 844 S.W.2d at 479 ("An insurer does not have an interest that implicates the rule until the insurer is called upon to make indemnity as to the judgment.").[7]

Insurer argues that, because Wife is allegedly in breach of the cooperation clause of the insurance contract, it must be allowed to intervene to protect its right to control the defense. But

---

coverage. Thus, it appears that there may very well be a pending question of coverage that would also preclude Insurer's claimed interest under Rule 52.12(a)(2). But this is not a question we need to resolve.

[7] Insurer argues that, because Wife admitted wrongdoing, this case is not like typical third-party liability claims and, instead, is sufficiently akin to uninsured motorist cases, where insurers are generally entitled to intervene. We disagree. Underinsured or uninsured motorist cases involve first-party claims, wherein a policyholder is asserting a claim against *her own insurance company* for underinsured or uninsured motorist benefits. *Charles v. Consumers Ins.*, 371 S.W.3d 892, 897 (Mo. App. W.D. 2012). Whereas in a third-party claim, as is the case here, the policyholder (Wife) "is sued by a third party and seeks a defense or coverage in the event of a judgment against [her]." *Id*. "In the third party liability claim context, the insurance carrier has no right to intervene in litigation between its policyholder and the third party; the carrier can participate in the litigation only pursuant to its contractual obligation to defend the policyholder." *Id*. Though we recognize that Husband is likely also covered under Insurer's policy, we do not believe this creates a direct interest in Insurer for purposes of Rule 52.12(a)(2). Husband is obviously not seeking underinsured or uninsured benefits, given that Wife (the alleged tortfeasor) is plainly insured. Thus, Insurer is still not in the same situation as it would be in a first-party liability case.

6

Insurer ignores the fact that any right it has (or had) to participate in the litigation is "a contractual right, not a right based on Rule 52.12(a)." *Charles v. Consumers Ins.*, 371 S.W.3d 892, 898 (Mo. App. W.D. 2012). If Insurer's claim is meritorious, it can assert it in defense of any future demand for payment on a judgment in favor of Husband against Wife. And, contrary to Insurer's claim, Wife disputes the alleged breach, claiming that it was Insurer who first breached the contract by failing to consider or convey Husband's allegedly reasonable settlement demand. If Wife's claim is accurate, "Rule 52.12 . . . is not available to restore an insurance carrier to control of the defense . . . when the carrier forfeited control by [breaching the agreement]." *Id*. "Nor can the insurer's breach and the insured's settlement in reliance thereon . . . create an interest where one does not otherwise exist." *Id*.

In short, regardless of whether the insurance contract has been breached, or by whom, unless and until a judgment is entered against Wife and a demand for payment of that judgment is made upon Insurer, Insurer lacks a direct interest sufficient to entitle Insurer to intervention under Rule 52.12(a)(2). Insurer's claim is denied.

## Conclusion

The trial court committed no error in denying Insurer's motion to intervene. Its judgment is affirmed.

_____
Karen King Mitchell, Judge

Lisa White Hardwick, Presiding Judge, and
Anthony Rex Gabbert, Judge, concur.

7