

# Missouri Court of Appeals

## Southern District

### Division Two

IN THE INTEREST OF S.M.B., Minor, )
)
MISSOURI DEPARTMENT OF )
SOCIAL SERVICES, CHILDREN'S )
DIVISION, ET AL, )
)
    Respondent, ) No. SD35941 & SD36047
)     CONSOLIDATED
vs. )
) **Filed: November 13, 2019**
J.P. and C.P. )
)
    Appellants. )

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Judge Jessica L. Kruse

**DISMISSED**

Having lost their motion to intervene in an ongoing juvenile case, J.P. and C.P.

("Appellants") appeal the trial court's interlocutory order and cite prior cases

authorizing them to appeal from the interlocutory order. We find those cases were

rejected by recent, controlling decisions of the Supreme Court of Missouri in ***State ex***

***rel. Koster v. ConocoPhillips Co.***, 493 S.W.3d 397, 399 (Mo. banc 2016), and in

***Meadowfresh Solutions USA, LLC v. Maple Grove Farms, LLC***, 578 S.W.3d

758, 760 (Mo. banc 2019).  Accordingly, as explained herein, we must dismiss the appeal.

## Background and Procedural History

Appellants previously adopted three half-siblings of minor child S.M.B. after having served as foster parents for those children.  Appellants petitioned to adopt S.M.B. but were denied in favor of S.M.B.'s adoption by another couple.  When S.M.B. was returned to state custody, Appellants filed a "Motion to Intervene and Be Appointed Next Friend of Adopted Minor Siblings" where they sought to intervene in S.M.B.'s case as a matter of right or permissively under Rule 52.12(a) and (b).[1]  The trial court held a hearing and denied Appellants' motion to intervene.  Appellants filed a motion for new trial on the denial of the motion to intervene.  The motion for new trial was also denied. Appellants appealed from the trial court's decision denying the motion to intervene.

This Court then issued a "show cause" order asking Appellants why their appeal should not be dismissed for lack of a final judgment in the underlying juvenile case.  In response, Appellants filed Suggestions in Opposition to Dismissal, and this Court took those Suggestions with the case.

## Discussion

Appellants seek to appeal the trial court's denial of their motion to intervene.  The trial court's denial did not constitute a final judgment in the underlying juvenile case, but rather was an "interlocutory order."  An interlocutory order is "an order that is not final and decides some point or matter between the commencement and the end of a suit but does not resolve the entire controversy."  ***Buemi v. Kerckhoff***, 359 S.W.3d 16,

---

[1] All rule references are to Missouri Court Rules (2018).  All statutory references are to RSMo. Cum. Supp. (2018).

20 (Mo. banc 2011).  The right to appeal is statutory and where no statute gives the right to appeal, then the right does not exist.  ***Meadowfresh***, 578 S.W.3d at 760; ***ConocoPhillips***, 493 S.W.3d at 399.  An interlocutory order may only be immediately appealed when specific statutory authority grants the party the right to such an appeal.  *See **ConocoPhillips***, 493 S.W.3d at 399-400.

Appellants point to section 512.020, the general statute dealing with civil appeals, and to previous appellate court decisions as the grounds for their right to an immediate appeal.  Appellants rely on ***In re L.J.H.***, 67 S.W.3d 751 (Mo. App. S.D. 2002), and ***In re D.T.***, 248 S.W.3d 74 (Mo. App. W.D. 2008), which found section 512.020 permitted the parties to appeal the trial court's interlocutory orders.  *See **L.J.H.***, 67 S.W.3d at 753; ***D.T.***, 248 S.W.3d at 77-78.  In addition, the analysis in ***D.T.*** relied on both ***L.J.H.*** and ***In re M.B.***, 91 S.W. 3d 122 (Mo. App. E.D. 2002) for the proposition that "grandparents denied the right to intervene in juvenile proceedings under section 211.177, RSMo 2000, have standing to appeal under section 512.020." ***D.T.***, 248 S.W.3d at 77.  ***M.B.***, in turn, relied on ***In re S.R.L.***, which cited ***State ex rel. Reser v. Martin*** for the proposition that a right to appeal exists from the denial of a motion for intervention by right.  ***In re S.R.L.***, 984 S.W.2d 558, 558 (Mo. App. S.D. 1999) (citing ***State ex rel. Reser v. Martin,*** 576 S.W.2d 289, 291 (Mo. banc 1978)).  The court in ***ConocoPhillips***, however, stated:  "[t]o the extent cases rely on ***Reser*** to hold or suggest that a proposed intervenor" has a right to an immediate appeal following a motion to intervene that is denied via interlocutory order, "those cases should no longer be followed." ***ConocoPhillips***, 493 S.W.3d at 400.[2]

---

[2] In ***ConocoPhillips***, the court listed examples of cases that should no longer be followed in light of its holding, but did not purport to provide an exhaustive list.  493 S.W.3d at 400 n.4.  Similarly, we note here the existence of *some* of the other cases whose precedential value appears affected by ***ConocoPhillips***.

The Supreme Court in ***ConocoPhillips*** stated: "[t]here is no special statute granting a right to immediate appeal where a motion to intervene as a matter of right is overruled in an interlocutory order, and the general statute dealing with civil appeals grants no such right." 493 S.W.3d at 399 (footnote omitted). Further, "nothing in section 512.020 (or any other statute) grants the right of immediate appeal to one whose motion to intervene as a matter of right is denied in an interlocutory order[.]" ***Id.*** at 400. Section 512.020 can no longer be used as statutory authority for the right to an immediate appeal from the denial of an interlocutory order and earlier opinions to the contrary are no longer good law. Because the right to appeal is entirely statutory, and does not exist in the absence of statutory authority, ***Meadowfresh***, 578 S.W.3d at 760, we dismiss this appeal.[3]

## Conclusion

Appellant's appeal is dismissed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS

---

*See, e.g.,* ***Baldwin v. Baldwin***, 174 S.W.3d 685, 687 (Mo. App. S.D. 2005) ("The denial of FSD's motion to intervene under Rule 52.12(a) is appealable."); ***Long v. Seely***, 975 S.W.2d 208, 210 (Mo. App. E.D. 1998) (inferring that the legislature must have intended to guarantee a grandparent the right to appeal the denial of intervention by right because "[t]o hold otherwise would create an unreasonable result.").

[3] We recognize that juvenile cases are often treated differently because of the nature of juvenile proceedings. *See* ***K.S.W. v. C.P.S.***, 454 S.W.3d 422, 427 (Mo. App. W.D. 2015) ("The standard for a 'final judgment' in a juvenile case differs from this general standard, [] because the very nature of a juvenile proceeding anticipates an on-going consideration."). Nevertheless, the court's holding in ***ConocoPhillips*** was clear that Appellants cannot rely on section 512.020 to grant them authority to immediately appeal this interlocutory order. 493 S.W.3d at 400. The Missouri Constitution requires us to follow the Supreme Court of Missouri's most recent controlling decision. ***Forester v. Clarke***, 334 S.W.3d 581, 583-84 (Mo. App. S.D. 2011) (citing Mo. Const. Art. 5, § 2).