In the Matter of C.G.L., a minor.

**Darrell Glenn Lowe, Anna Bell Lowe, and the Cherokee Nation of Oklahoma, Appellants,**

v.

**Jack Bilyeu and Kelly Bilyeu, McDonald County Juvenile Office, and Missouri Dept. of Social Services, Respondents.**

No. 23442.

Missouri Court of Appeals, Southern District, Division One.

Oct. 12, 2000.

Chris M. Hunt, Grove, for appellant.

John S. Dolence, Spencer, Scott & Dwyer, Joplin, for respondents Bilyeu and McDonald Co. Juvenile Office.

Roya R. Hough, Jefferson City, for respondent Dept. of Social Service.

JOHN E. PARRISH, Presiding Judge.

Darrell Glenn Lowe, Anna Bell Lowe and the Cherokee Nation of Oklahoma (collectively referred to as appellants) appeal a judgment denying a motion to intervene in an action for adoption of C.G.L. This court reverses and remands with directions.

The petition for adoption states that C.G.L. was born September 7, 1998. Parental rights of C.G.L.'s biological parents were terminated June 17, 1999, by judgment entered in the Juvenile Division of the Circuit Court of McDonald County, Missouri. The child was placed in the custody of the Missouri Division of Family Services.

On July 22, 1999, Jack Bilyeu and Kelly Bilyeu filed a petition in the Circuit Court of McDonald County seeking transfer of custody and adoption of C.G.L. An order transferring custody of C.G.L. to Jack and Kelly Bilyeu was entered September 8, 1999.[1] On December 3, 1999, appellants filed a motion to intervene in the adoption proceeding pursuant to Rule 52.12. The motion alleged, *inter alia,* that proposed intervenor Anna Bell Lowe is a registered member of the Cherokee Nation of Oklahoma, a federally recognized Indian tribe; that the child and his biological father are members of the Cherokee Nation of Oklahoma. The motion asserted "[t]hat as such, all child custody proceedings in this cause are governed by the Indian Child Welfare Act 'ICWA,' 25 U.S.C. § 1901 et

---

1. § 453.110.1 permits the juvenile court that has jurisdiction in an adoption case to award custody to a prospective parent or parents upon their petition for approval of custody or transfer of custody.

seq. and Mo.Rev.Stat. 453.080(6) (1998)[sic]."

### Procedure in Adoption Cases

A person seeking to adopt a child must file a petition for adoption in the juvenile division of a circuit court as specified by § 453.010.1 and .3.[2] Section 453.080.1 sets forth requirements for finalizing an adoption. Those requirements include that if the Indian Child Welfare Act is applicable, the juvenile court, at the hearing to determine if the adoption will be finalized, must ascertain that the act has been complied with. § 453.080.1(6).[3]

The Indian Child Welfare Act is found at 25 U.S.C. § 1901, et seq. (1983). Section 1915(a) of the act requires:

> In any adoptive placement of an Indian child under State law, a preference shall be given, in the absence of good cause to the contrary, to a placement with (1) a member of the child's extended family; (2) other members of the Indian child's tribe; or (3) other Indian families.

### Intervention

Rule 52.12(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*In re M.M.P.,* 10 S.W.3d 195 (Mo.App. 2000), explains:

Rule 52.12 is the rule governing intervention in court proceedings. Rule 52.12(a) addresses intervention as a matter of right. Rule 52.12(b) governs permissive intervention.... [A] party can only appeal from an order denying a motion to intervene under subsection (a) of Rule 52.12. "An order denying a motion to intervene under Rule 52.12(b), a 'permissive intervention,' is not a final judgment, and therefore not reviewable on appeal." *In Interest of S.R.L.,* 984 S.W.2d 558, 559 (Mo.App.1999) citing *Ratermann v. Ratermann Realty & Inv. Co.,* 341 S.W.2d 280, 286 (Mo.App.1960).

*Id.* at 197. *See also, State ex rel. Reser v. Martin,* 576 S.W.2d 289, 290 (Mo. banc 1978).

### This Appeal

■ The first question for determination is whether appellants' motion to intervene meets the criteria for intervention "as a matter of right." If it does, the judgment denying intervention is appealable. If it does not, it is not a final judgment and, consequently, is not appealable. *In re M.M.P., supra.*

■ There is no statute of this state that confers upon appellants an unconditional right to intervene. The circumstances to which subparagraph (1) of Rule 52.12(a) applies do not exist in this case. Subparagraph (2) provides, however, that intervention of right exists when one seeking to intervene claims an interest relating to the transaction that is the subject of the action that is not adequately represented by existing parties and "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest."

■ An "interest" is a "concern, which is more than mere curiosity, or academic or sentimental desire." *In re Adoption of H.M.C.,* 11 S.W.3d 81, 90 (Mo.App.

---

**2.** References to statutes are to RSMo Cum. Supp.1999 unless stated otherwise.

**3.** § Section 453.110.6(6) imposes a similar requirement on the juvenile court at transfer of custody hearings. Whether that occurred in this case is not an issue in this appeal.

2000). "One 'interested' in an action is one who is concerned in the outcome or result thereof because he has a legal right which will be directly affected thereby … by the judgment or decree in such action." *Id.* *citing In the Matter of Trapp,* 593 S.W.2d 193, 204 (Mo. banc 1980). "The 'interest' must be such an immediate and direct claim upon the very subject matter of the action that the intervenor will either gain or lose by the direct operation of the judgment that may be rendered therein." *Id.*

Upon proving the allegations of their motion to intervene, appellants could have legal rights to a preference in the adoptive placement of C.G.L. under provisions in the Indian Child Welfare Act. 25 U.S.C. § 1915(a) mandates that preferential consideration be given to members of the child's extended family, members of the child's tribe and other Indian families in the adoptive placement of an Indian child. Missouri law, specifically § 453.080.1(6), requires a court in which an adoption is pending, in determining if the adoption should be finalized, to ascertain whether there has been compliance with Indian Child Welfare Act, if applicable.

Appellants' legal rights will be directly affected by the outcome of the adoption hearing. The placement of C.G.L. is the subject matter of the hearing. Appellants have immediate and direct claims with respect to the child's placement. Those rights and claims are not represented by existing parties to the action. *See In the Matter of J.R.S.,* 690 P.2d 10, 17–18 (Alaska 1984). *See also In re Baby Girl A.,* 230 Cal.App.3d 1611, 282 Cal.Rptr. 105, 108–09 (1991); *In re Matter of Appeal in Maricopa County,* 136 Ariz. 528, 667 P.2d 228, 233 (App.1983). The right to intervene they asserted is a claim of intervention of right as provided by Rule 52.12(a)(2).

Respondents in this appeal have filed motions to strike appellants' brief and dismiss their appeal for failure to comply with briefing requirements of Rule 84.04. These motions were taken with the case.

Appellants' brief is deficient. It fails to comply with various provisions of Rule 84.04 and, thereby, fails to present any issue for review. This court may, nevertheless, look to the argument portion of the brief to determine if there has been plain error affecting substantial rights which, though not properly preserved, may have resulted in a manifest injustice or a miscarriage of justice. *Williams v. Thomas,* 961 S.W.2d 869, 872 (Mo.App.1998). *See* Rule 84.13(c). Having done so, this court has no difficulty in identifying the claims made by appellants and the legal significance of those claims, and concludes that to deprive appellants the rights afforded by the Indian Child Welfare Act would be a manifest injustice and amounts to plain error. The motions to strike appellants' brief and dismiss the appeal are denied.

For the reasons heretofore given, the judgment denying appellants' motion to intervene is reversed. The case is remanded. The trial court is directed to enter its order granting appellants' motion to intervene.

SHRUM and MONTGOMERY, JJ., concur.