

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

IN THE MATTER OF MISSOURI-      )
AMERICAN WATER COMPANY FOR      )
A CERTIFICATE OF CONVENIENCE    )
AND NECESSITY AUTHORIZING       )      WD78297
IT TO INSTALL, OWN, ACQUIRE,    )
CONSTRUCT, OPERATE, CONTROL,    )      Opinion filed:  September 22, 2015
MANAGE AND MAINTAIN A SEWER     )
SYSTEM IN BENTON COUNTY,        )
MISSOURI,                       )
                                )
    Respondent,                 )
                                )
    v.                          )
                                )
GEORGE M. HALL,                 )
                                )
    Appellant.                  )

## APPEAL FROM THE PUBLIC SERVICE COMMISSION

Before Division One:  Cynthia L. Martin, Presiding Judge,
Joseph M. Ellis, Judge and James E. Welsh, Judge

George Hall appeals from the Public Service Commission's denial of his motion to intervene in a case in which Missouri-American Water Company ("MAWC") has applied for a certificate of convenience and necessity to provide sewer service to a portion of Benton County, Missouri.  For the following reasons, the appeal is dismissed.

On September 8, 2014, MAWC filed its application with the Commission seeking a certificate of convenience and necessity to provide sewer service to a portion of

Benton County, Missouri.[1]  In its application, MAWC stated that it planned to provide such service by purchasing an existing wastewater collection and treatment system owned by Benton County Sewer District #1 ("District #1").  After voters of that sewer district had voted to dissolve it, a Federal District Court had enjoined the dissolution of District #1 and appointed a receiver to control its assets and operations and to explore the potential sale of the sewer system.  MAWC had subsequently executed an asset purchase agreement to purchase District #1's assets, and that agreement had been approved by the Federal District Court.  MAWC asked the Commission for permission "to install, own, acquire, construct, operate, manage and maintain a sewer system for the public" in the area served by District #1 and, specifically, for permission to acquire the assets of District #1 identified in the asset purchase agreement.

The deadline for applying to intervene in the matter was set at October 1, 2014.  The Missouri Department of Natural Resources filed a timely application to intervene and was granted status as a party.  The Missouri Office of the Public Counsel is also party to the matter pursuant to § 386.710(2).

On November 16, 2014, Appellant, acting *pro se*, filed a motion for leave to intervene out of time or, in the alternative, for leave to file an *amicus curiae* brief.  After considering multiple responses in opposition to Appellant's intervention and affording Appellant an opportunity to speak at a local public meeting, the Commission denied Appellant's motion to intervene but granted him permission to file an *amicus curiae* brief.  In denying leave to intervene, the Commission found that Appellant had good cause for not timely filing his motion to intervene but that Appellant's interests were no different

---

[1] MAWC is a "water corporation," a "sewer corporation," and a "public utility" as those terms are defined in § 386.020 and is, therefore, subject to the supervision of the Commission.

2

from those of the general public and, further, that he had failed to demonstrate that his interests would be adversely affected by any decision the Commission might render in the matter. It further found that the public interest would not be served by allowing him to intervene.

Appellant filed a motion asking the Commission to reconsider its ruling. In response, the Commission issued a further order acknowledging that Appellant's interest in operating his own, on-site residential septic system might not be shared by the general public but noted that Appellant's interest in operating such a system could not be affected by any final order of the Commission related to MAWC's application. The Commission stated that its authority in the case was limited to determining whether MAWC should be authorized to purchase and operate a specific sewer system and that it had no authority related to Appellant's ability to use a private septic system on his property. It concluded that its order denying his request to intervene out of time was correctly decided and denied Appellant's motion for reconsideration.

On appeal, again acting *pro se*, Appellant claims that the Commission abused its discretion in denying his motion to intervene because the record reflects that his interests would be affected by any decision reached by the Commission. He argues that the construction of District #1's sewer system was illegally funded by loans from the United States Department of Agriculture ("USDA") rather than revenue bonds as approved by the voters. He contends that District #1's board of trustees had no authority to incur such debt absent voter approval. He maintains that the terms of the purchase agreement executed by MAWC improperly provide that MAWC will make

3

payments on the USDA loans and that any proceeds from the sale of District #1 should, instead, be divided between the residents of the district.

Before we can address the merits of Appellant's appeal, we must consider MAWC's motion to dismiss the appeal, which was taken with the appeal. MAWC contends that the Commission's order concerns the denial of a request for permissive intervention and that the denial of such a request is not a final and appealable order. An appellate court can only entertain appeals from final orders or decisions of the Commission. *AG Processing, Inc. v. KCP&L Greater Mo. Operations Co.*, 432 S.W.3d 226, 230 (Mo. App. W.D. 2014) (citing *MO. CONST. art V, § 18*). An order denying permissive intervention is not a final order and is, therefore, not reviewable on interlocutory appeal. *In re Adoption of C.T.P.*, 452 S.W.3d 705, 712 n.14 (Mo. App. W.D. 2014) (internal quotation omitted); *see also In re M.M.P.*, 10 S.W.3d 195, 197 (Mo. App. W.D. 2000); *In re C.G.L.*, 28 S.W.3d 502, 504 (Mo. App. S.D. 2000).

In his motion, Appellant asked the Commission to exercise its discretion under 4 CSR 240-2.075 to allow him to intervene in the action. The Commission's standard for intervention is set forth in 4 CSR 240-2.075(3), which states:

> The commission may grant a motion to intervene or add new member(s) if–
>
> (A) The proposed intervenor or new member(s) has an interest which is different from that of the general public and which may be adversely affected by a final order arising from the case; or
> (B) Granting the proposed intervention would serve the public interest.

Any motion to intervene in an action before the Commission must be filed within thirty days after the Commission issues its order giving notice of the case, *4 CSR 240-*

***2.075(1)***, however, the Commission may grant an application to intervene filed out of time upon a showing of good cause. ***4 CSR 240-2.075(10)***.

MAWC argues that, because 4 CSR 240-2.075(3) provides that the Commission "may" permit intervention under the circumstances set forth, all intervention in actions before the Commission is permissive in nature and, therefore, the Commission's denial of any motion to intervene is never appealable. We need not address this argument, however, because, even assuming *arguendo* the existence of intervention as a matter of right in actions before the Commission and an ability to appeal the denial of such intervention, Appellant's motion clearly failed to plead any claim to intervention as a matter of right and any relief granted on his motion would necessarily have to have been permissive in nature.

In the absence of a statute or regulation specifically granting a party a right to intervene, "intervention of right exists when one seeking to intervene claims an interest relating to the transaction that is the subject of the action that is not adequately represented by existing parties and the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." ***In re C.G.L.***, 28 S.W.3d at 504. The proposed intervenor bears the burden of establishing all of the elements required for intervention as a matter of right. ***Prentzler v. Carnahan***, 366 S.W.3d 557, 561 (Mo. App. W.D. 2012).

"To intervene in an action as a matter of right, the intervenor's interest in the action must be a direct and immediate claim to, and have its origin in, the demand made by one of the parties to the original action." ***In re Adoption of C.T.P.***, 452 S.W.3d at 715 (internal quotations omitted). "An interest necessary for intervention as a matter of

right does not include a mere, consequential, remote or conjectural possibility of being affected as a result of the action." *Id*. at 714-15 (internal quotations omitted). "It must be such an immediate and direct claim upon the very subject matter of the action that the would-be intervenor will either gain or lose by the direct operation of the judgment that may be rendered therein. When a party claims intervention as a matter of right, they are asserting that they may be legally bound or prejudiced by any judgment entered in the case." *Myers v. City of Springfield*, 445 S.W.3d 608, 611 (Mo. App. S.D. 2014) (internal quotation and citation omitted).

As noted *supra*, in the case at bar, MAWC merely requested a certificate of convenience and necessity allowing it to provide sewer service to a portion of Benton County, Missouri. MAWC asked the Commission for permission "to install, own, acquire, construct, operate, manage and maintain a sewer system for the public" in the area served by District #1 and, specifically, for permission to acquire certain assets of District #1 identified in the asset purchase agreement.

Appellant's motion does not establish that the granting or denial of such a certificate of convenience and necessity to MAWC would affect him in any way. While he claims that his desire to use a private septic system differentiates his interests from the members of the general public, nothing in his motion or the record reflects that any action taken by the Commission in this matter will impact upon his ability to use a private septic system. As noted by the Commission:

> The Commission's authority in this case is limited to determining whether [MAWC] should be authorized to purchase and operate a particular sewer system. The Commission has no authority to compel Mr. Hall to become a customer of a sewer system operated by [MAWC]. Nor does the Commission have authority to order any other person or governmental body to grant him authority to operate his own sewer

6

system. Thus, Mr. Hall's interest in operating his own on-site residential septic system cannot be affected by the Commission's order regarding [MAWC]'s application and does not provide a basis for his intervention in this case.

As to his remaining claims of interest, Appellant apparently wants the Commission to determine the validity and legal effect of the vote to dissolve District #1 and the propriety of a loan agreement between District #1 and the USDA, neither of whom are parties to the action before the Commission. The sole issue for the Commission to decide in this matter, however, is whether MAWC should be given permission to acquire certain assets and to operate a sewer system in the area formerly served by District #1. As noted by the Commission, Appellant's "concerns are not relevant to the application before the Commission in that the Commission has no authority to determine the propriety of the dissolution of [District #1], nor can it determine whether a loan made to [District #1] was fraudulent or whether it should be repaid by [District #1] with the proceeds of the sale of its assets to [MAWC]." The Commission is not the proper body to address the issues raised by Appellant, and any decision by the Commission related to MAWC's application for a certificate of convenience and necessity will have no practical effect on Appellant's ability to protect his interests before the appropriate judicial body. Intervention may not be used by strangers to a pending action as "a vehicle by means of which such strangers may urge claims or contentions which have a proper and available forum elsewhere." **State ex rel. Farmer's Mut. Auto. Ins. Co. v. Weber**, 273 S.W.2d 318, 323 (Mo. 1954).

Since Appellant's motion did not sufficiently allege a claim for intervention as a matter of right, we are left to conclude that only permissive intervention was sought. **In re M.M.P.**, 10 S.W.3d at 198. An order denying a motion requesting permissive

7

intervention is not final and appealable. *Id*. at 198-99; *In re C.G.L.*, 28 S.W.3d at 504.

Accordingly, Appellant's appeal must be dismissed.[2]

                                                  Joseph M. Ellis, Judge

All concur.

---

[2] Having dismissed Appellant's appeal on this basis, we need not address the PSC's separate motion to dismiss the appeal on different grounds.