

# In the
# Missouri Court of Appeals
# Western District

JAMES D MERCHANT, ET AL.,           )
                                     )
Respondents;                         )
                                     )
JAMES D MERCHANT PERSONAL            )
REPRESENTATIVE FOR                   )
JAMES T MERCHANT (DECEASED),         )      **WD85658**
                                     )      **OPINION FILED:**
Respondent,                          )      **JANUARY 2, 2024**
                                     )
v.                                   )
                                     )
GRAND LODGE OF ANCIENT FREE          )
AND ACCEPTED MASONS OF               )
THE STATE OF MISSOURI,               )
                                     )
Appellant.                           )

**Appeal from the Circuit Court of Saline County, Missouri**
**The Honorable Dennis A. Rolf, Judge**

**Before Division One: Edward R. Ardini, Jr., Presiding Judge,**
**Anthony Rex Gabbert, Judge, Thomas N. Chapman, Judge**

The Grand Lodge of Ancient Free and Accepted Masons of the State of Missouri

appeals the judgment of the Saline County Circuit Court denying its motion to intervene.

In four points on appeal, it claims the trial court erred in denying intervention as a matter

of right, the trial court lacked jurisdiction, the trial court erred in finding that it was not a

third party beneficiary, and the trial court erred in holding there was no implied trust in favor. The judgment is reversed and remanded.

**Facts**

The Marshall Masonic Temple Association ("Marshall Temple") is a Missouri not-for-profit corporation. The Articles of Incorporation ("Original Articles of Incorporation") filed with the Missouri Secretary of State in 1965 state that the purposes for which the corporation is organized are:

> To promote the principles of morality, integrity, good citizenship, and brotherly love in the community, and to encourage and promote the fraternal precepts of Free Masonry;
> To acquire, equip, furnish and maintain a Masonic Temple for the use of the Masonic Bodies of Ancient Free and Accepted Masons of the State of Missouri, now or hereafter organized in Marshall, Missouri, to hold title to and manage said Temple and the personal property placed therein for the use of said Masonic Bodies and the members thereof, all in the furtherance of the principles and tenets of Free Masonry without pecuniary consideration to the Association. The corporation shall have all the powers conferred upon fraternal corporations by the General Not for Profit Corporation Act of Missouri consistent with such purpose.

The Original Articles of Incorporation further provided:

> In the event this corporation should dissolve or cease to function, then all assets of the corporation shall revert to Trilumina Lodge No. 205, Ancient Free and Accepted Masons, if such Lodge is then existent; and in the event said Lodge is dissolved or nonexistent, then such assts shall revert to the Grand Lodge of Ancient Free and Accepted Masons of the State of Missouri.

The Grand Lodge of Ancient Free and Accepted Masons ("Grand Lodge") is also a benevolent Missouri corporation. Trilumina Lodge No. 2015 of the Ancient Free and

2

Accepted Masons ("Trilumina Lodge") is a fraternal subchapter of Grand Lodge. Trilumina Lodge is not a separate Missouri corporation.

Under the Original Articles of Incorporation, Marshall Temple had no members or stockholders but did have a perpetuating Board of Directors. The Directors of Marshall Temple were to be elected from members of Trilumina Lodge at all Trilumina Lodge annual meetings. Pursuant to the Original Articles of Incorporation, there were six Directors, each serving a three-year term. Directors' terms were staggered such that only two Directors' terms expired each year. Thus, two Directors were elected at each annual meeting.

Two Directors were elected at the 2019 annual meeting. Because of the COVID-19 pandemic, Trilumina Lodge did not hold meetings or have election communications in 2020 and 2021. No Director elections were held in those two years.

On August 4, 2021, Marshall Temple filed duly Amended Articles of Incorporation ("Amended Articles of Incorporation") with the Missouri Secretary of State. The Amended Articles of Incorporation removed all references to Masonry, Grand Lodge, or Trilumina Lodge. They changed the name from Marshall Masonic Temple Association to Marshall Temple Association. They changed the purpose of the corporation to "the transaction of any lawful activity conducted on a non-profit basis exclusively for benevolent purposes consistent with Revised Statutes of Missouri Chapter 355 and Internal Revenue Code Section 501(c)(3)."

The Amended Articles of Incorporation identified the current Directors of Marshall Temple. The Directors on August 4, 2021 were the same Directors from after the 2019 annual meeting: Brian Bench, Russell Cooksey, Paul E. Harper, Herbert Latchaw, James D. Merchant, and Ronald Tennill ("2019 Board of Directors"). The Amended Articles of Incorporation provided that elections shall be held annually at the time specified in the bylaws. The terms of two Directors expired each year, starting in 2022. Marshall Temple still had no members or stockholders. The Amended Articles of Incorporation provided:

> In the event this corporation should dissolve, then all assets of the corporation shall be distributed to another non-profit tax-exempt entity as decided by the Board of Directors.

On August 5, 2021, Michael Ray Thomas, Master of Trilumina Lodge, purported to convene some but not all members of Trilumina Lodge for a special election. According to a July 28, 2021 email sent by Thomas, the special election was to fill Director vacancies on the Marshall Temple Board of Directors. At that special election, Michael Ray Thomas, Jeffrey P. Hoey, David Michael Diehm, Justin A. Dinwiddie, Ronald M. Nelson, and Shawn D. Oliver were elected as the new Directors of Marshall Temple ("2021 Board of Directors").

Since September 1965, Marshall Temple has owned land and a building in Saline County ("the Property"). In August 2021, Jeffrey P. Hoey, one of the members of the 2021 Board of Directors, executed a warranty deed transferring the Property from Marshall Temple to Trilumina Lodge. Also in August 2021, the 2021 Board of Directors

4

attempted to gain control of Marshall Temple's bank account. The account was frozen and no parties were able to access it. The bank stated it would unfreeze the bank account when presented with a court order determining ownership of the account.

In September 2021, James D. Merchant, the President of the 2019 Board of Directors, and Marshall Temple filed a petition naming the six men on the 2021 Board of Directors as defendants. In its petition, Marshall Temple claimed that there were no vacancies on the Marshall Temple Board for Thomas to fill and that Thomas was not authorized to act on behalf of Marshall Temple. Marshall Temple claimed that the special election was in violation of both the Original and the Amended Articles of Incorporation. It stated that the 2021 Board of Directors are not authorized to act on behalf of Marshall Temple.

In Count I of its petition, Marshall Temple sought an injunction preventing the 2021 Board of Directors from holding themselves out or purporting to act as the Board of Directors of Marshall Temple. The petition also requested that the 2021 Board of Directors take all necessary steps to reverse and rescind their prior actions. Marshall Temple claimed in its petition that the warranty deed transferring the Property was fraudulent and void or voidable. Marshall Temple requested the 2021 Board of Directors withdraw its claim to the Marshall Temple bank account. In Count II of its petition, Marshall Temple sought declaratory relief asking the court to declare that the 2021 Board of Directors did not and have never had authority to act on behalf of Marshall Temple, the proper Board of Directors is the 2019 Board of Directors, Marshall Temple is the sole

owner of the bank account, the warranty deed transferring the Property is void, and Marshall Temple owns the Property.

The 2021 Board of Directors filed their answer and counter claim in November 2021. They also filed a motion to dismiss for failure to join persons needed for just adjudication. The motion claimed that Count I is essentially a suit between two groups of Directors of Marshall Temple. It argued that the entire 2019 Board of Directors need to be the plaintiffs bringing the suit. The motion to dismiss further argued that Trilumina Lodge needed to be added as a defendant because it was a party to the transaction involving ownership of the Property and the warranty deed. Marshall Temple opposed the motion to dismiss because Trilumina Lodge was not a legal entity on record with the Missouri Secretary of State and, thus, could not sue or be sued. A hearing was held on the motion to dismiss. The trial court noted that it was not yet established that Trilumina Lodge was not a legal entity. It indicated that it was going to order Trilumina Lodge added as a party but "if it's later developed that they need to be dismissed out, they can be dismissed out without affecting any error or anything in the case." The parties discussed whether Grand Lodge should be substituted for Trilumina Lodge. The attorney for the plaintiffs argued that Grand Lodge did not have any rights in the case. The court stated that it would permit Grand Lodge to come in if the plaintiffs desired it. The trial court ordered that the rest of the 2019 Board of Directors be added as plaintiffs and that Trilumina Lodge be added as a defendant. It ordered that the attorney for the 2021 Board of Directors would accept service on behalf of Trilumina Lodge.

Marshall Temple filed an amended petition complying with this order.[1] The defendants filed an answer and counterclaim to the amended petition in November 2021. Marshall Temple filed a motion to dismiss the counter claims in January 2022 for failure to state a claim upon which relief can be granted and for lack of verification. The trial court granted the motion to dismiss the counter claims.

In February 2022, Grand Lodge filed a motion to intervene in the case. In its petition attached to its motion to intervene, Grand Lodge stated that its by-laws prohibited individual lodges from incorporating. The by-laws did allow the formation of Building Associations to be incorporated as non-profit corporations to hold title to, maintain, and operate the lodge's property. Pursuant to those by-laws, Marshall Temple was incorporated by members of Trilumina Lodge with its Articles of Incorporation stating the corporation was to hold real and personal property for the benefit of Trilumina Lodge, and by extension Grand Lodge, and for no other purpose.

Grand Lodge's petition stated that the Original Articles of Incorporation of Marshall Temple required the members of the Board of Directors to be members of Trilumina Lodge. The six men comprising the 2019 Board of Directors were suspended from membership from Trilumina Lodge with immediate effect on July 20, 2021. Further, the 2019 Board of Directors was not authorized to amend the Articles of

---

[1] The amended petition stated that in August 2021, a quorum of the 2019 Board of Directors met and passed a resolution acknowledging, in part, that Brian Bench was to be replaced by James T. Merchant. References to the 2019 Board of Directors include this substitution where applicable.

Incorporation and file the Amended Articles of Incorporation with the Missouri Secretary of State on August 4, 2021.

Grand Lodge's petition alleged in Count I a claim for conversion. It stated that the 2019 Board of Directors was elected with the understanding that it would act for the benefit of Trilumina Lodge and Grand Lodge. The 2019 Board of Directors met in secret and took action adverse to Trilumina Lodge and Grand Lodge. In attempting to amend the Articles of Incorporation, the 2019 Board of Directors are attempting to steal the assets being held for the benefit of Trilumina Lodge and Grand Lodge. The petition alleged that Grand Lodge is a tax exempt entity pursuant to Section 501(c)(10) of the Internal Revenue Code. It stated that the Amended Articles of Incorporation endanger the tax status of Trilumina Lodge and Grand Lodge.

Grand Lodge asserted in Count II a claim of breach of fiduciary duty. It stated that the 2019 Board of Directors had a duty to conduct the affairs of Marshall Temple for the purposes expressed in the Original Articles of Incorporation which includes a duty to Trilumina Lodge and Grand Lodge. Grand Lodge asserted in Count III a claim for declaratory relief and quiet title. It requested that the Missouri Secretary of State be ordered to strike the Amended Articles of Incorporation and that the court declare that the 2021 Board of Directors are the board of directors of Marshall Temple, that the 2021 Board of Directors control the assets of Marshall Temple including the bank account, and that the warranty deed for the Property be adjudged valid.

8

Grand Lodge's motion to intervene was argued on March 1, 2022. The trial court denied the motion on March 10, 2022, stating:

> After hearing the arguments of counsel and review of the pleadings filed herein and case law provide[d], the Court finds Grand Lodge of Ancient and Accepted Free Masons of the State of Missouri have failed to address and establish each of the three elements necessary for intervention pursuant to Rule 52.12(a)(2) as interpreted by the Missouri Supreme Court in *State Ex Rel. Nixon v. American Tobacco Co., Inc.*, 34 S.W.3d 122 (2000), and therefore its Motion to Intervene is denied.

The case proceeded to bench trial in May 2022.

The trial court entered its judgment in July 2022. The court found that the 2019 Board of Directors was the proper Board of Directors in August 2021. The filing of the Amended Articles of Incorporation was valid. The warranty deed transferring the Property is void and Marshall Temple is the sole and lawful owner of the Property. Marshall Temple is the sole and lawful owner of the bank account at issue. The judgment stated that the 2021 Board of Directors do not and did not ever have any right to transfer the Property or access the bank account. The 2021 Board of Directors were permanently enjoined from holding themselves out as having authority to act for Marshall Temple and were ordered to take all steps necessary to reverse and rescind all prior attempts to gain access to Marshall Temple's assets.

This appeal follows. [2]

---

[2] Grand Lodge appeals the denial of its motion to intervene in WD85658. The 2021 Board of Directors and Trilumina Lodge appeal the July 2022 judgment in WD85650. James T. Merchant died in October 2022. He is represented in the appeal by his personal representative James D. Merchant who is also a party to these proceedings.

9

**Standard of Review**

"We will affirm the trial court's decision denying intervention as a matter of right unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Henson v. Merob Logistics, LLC*, 670 S.W.3d 142, 146 (Mo. App. W.D. 2023) (internal quotation marks omitted). "[T]he decision to grant or deny the motion is one involving application of the law." *Id*. at 146-47 (internal quotation marks omitted). "Motions to intervene as a matter of right ... are typically decided based upon the motion, pleadings, counsel's arguments, and suggestions in support or opposition to the motion." *Loveland v. Austin*, 626 S.W.3d 716, 721 (Mo. App. E.D. 2021) (internal quotation marks omitted).

**Point I**

In its first point on appeal, Grand Lodge claims the trial court erred in denying its motion to intervene as a matter of right. It argues the trial court misapplied the law because it had a direct and immediate interest in the pending suit. Grand Lodge states that the defendants in the suit could not adequately represent its interests.

Rule 52.12 states in relevant part:

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

10

Pursuant to that rule, a potential intervenor must file a timely motion showing that the following criteria have been satisfied: "(1) an interest relating to the property or transaction which is the subject of the action; (2) that the applicant's ability to protect the interest is impaired or impeded; and (3) that the existing parties are inadequately representing the applicant's interest." *Robinson v. Missouri Dept. of Health and Senior Services*, 672 S.W.3d 224, 231–32 (Mo. banc 2023) (internal quotation marks omitted).

"The proposed intervenor carries the burden of establishing the presence of all three elements required for intervention as a matter of right." *Allred v. Carnahan*, 372 S.W.3d 477, 481 (Mo. App. W.D. 2012) (internal quotation marks omitted). "When an applicant satisfies the elements, the right to intervene is absolute, and the motion to intervene may not be denied." *Id*. (internal quotation marks omitted). "Alternatively, a motion to intervene as of right under Rule 52.12(a)(2) may properly be denied if even one of these three elements is not established." *Id*. (internal quotation marks omitted).

"A motion to intervene pursuant to Rule 52.12(a) is typically simple motion practice." *Id*. The procedure is set forth in Rule 52.12(c):

> **(c) Procedure.** A person desiring to intervene shall serve a motion upon all parties affected thereby. The motion shall state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

"The applicant files a motion to intervene setting out why it should be permitted to intervene under the Rule and, typically, would attach a proposed pleading and perhaps

11

exhibits in support of the motion." *Allred*, 372 S.W.3d at 482. "The motion is called up for a hearing, the parties appear and present arguments, and the court makes its decision." *Id*.

It its motion to intervene, Grand Lodge stated the "action involves Plaintiffs' attempts to convert property from [Grand Lodge] to Plaintiffs" and that it had "a right to intervene in the present action because it is so situated that disposition of the action may as a practical matter impair or impede [Grand Lodge's] ability to protect its interest in the Property at issue herein."

In the hearing on Grand Lodge's motion to intervene, the trial judge asked why Grand Lodge should be allowed to intervene. There was a discussion between the parties about what property interest Grand Lodge had in the case. Grand Lodge argued that Trilumina Lodge was a subchapter of Grand Lodge and that everything in the case ultimately traces back to Grand Lodge.

Grand Lodge argued that Marshall Temple was formed to serve Trilumina Lodge and Grand Lodge. It noted the unique legal structure of Masonic organizations and that the Internal Revenue Service even has a special section under 501(c)(10) to govern domestic fraternal societies. Grand Lodge argued that Marshall Temple's actions in amending the Articles of Incorporation threatened the existence of the Masons, including Grand Lodge. Grand Lodge also noted that it was a beneficiary of Marshall Temple's property under the Original Articles of Incorporation but was not under the Amended Articles of Incorporation.

12

The 2019 Board of Directors characterized Grand Lodge's interest under the Original Articles of Incorporation as a double contingent interest because both Marshall Temple and Trilumina Lodge had to cease to be in existence before Grand Lodge's interest would be realized. Trilumina Lodge stated it would be happy to substitute Grand Lodge in for Trilumina Lodge. Marshall Temple opposed that substitution.

The trial court asked whether Trilumina Lodge was a separate organization that is in between the Grand Lodge and the members. The attorney for Grand Lodge stated that Trilumina Lodge is a subchapter of Grand Lodge, it can't exist without Grand Lodge, and it can't hold property without the authority of Grand Lodge. Grand Lodge argued that, in addition to the claim of conversion, it was also seeking to assert a claim of breach of fiduciary duty. That claim involved the allegation that the 2019 Board of Directors had a fiduciary duty to both Trilumina Lodge and Grand Lodge.

The trial court asked why Grand Lodge's rights couldn't be protected by Trilumina Lodge. Grand Lodge stated because Trilumina Lodge operates for the Grand Lodge but it is not the Grand Lodge. The trial court asked why Trilumina Lodge couldn't defend Grand Lodge if it operated for Grand Lodge. Grand Lodge argued that Masonic organizations were set up in a specific manner and that the amendment of the Articles of Incorporation were an attack on that structure across the state of Missouri. Trilumina Lodge was only one lodge under Grand Lodge.

An intervenor has the burden to show three elements. The first element is "an interest relating to the property or transaction which is the subject of the action."

13

*Robinson*, 672 S.W.3d at 231 (internal quotation marks omitted). "To intervene in an action as a matter of right, the intervenor's interest in the action must be a direct and immediate claim to, and have its origin in, the demand made by one of the parties to the original action." *Matter of Missouri-Am. Water Co. v. Hall*, 470 S.W.3d 761, 765 (Mo. App. W.D. 2015) (internal quotation marks omitted). "An interest necessary for intervention as a matter of right does not include a mere, consequential, remote or conjectural possibility of being affected as a result of the action." *Id*. (internal quotation marks omitted). "It must be such an immediate and direct claim upon the very subject matter of the action that the would-be intervenor will either gain or lose by the direct operation of the judgment that may be rendered therein." *Id*. (internal quotation marks omitted). "When a party claims intervention as a matter of right, they are asserting that they may be legally bound or prejudiced by any judgment entered in the case." *Id*. (internal quotation marks omitted).

In its motion to intervene, Grand Lodge stated that "[t]his action involves Plaintiffs' attempts to convert property from [Grand Lodge] to Plaintiffs." In its petition attached to the motion to intervene, Grand Lodge argued that Marshall Temple was formed solely to hold property for Grand Lodge and its subchapter and that Marshall Temple owed Grand Lodge a fiduciary duty. In its argument to the trial court, Grand Lodge claimed the Amended Articles of Incorporation served to remove Marshall Temple from Grand Lodge's masonic structure. Grand Lodge claimed that the Amended Articles of Incorporation endangered Grand Lodge's tax status as a 501(c)(10) corporation.

14

At issue in the underlying lawsuit was who was the proper Board of Directors of Marshall Temple and whether the Amended Articles of Incorporation were valid. Grand Lodge is mentioned by name over 135 times in the 139 page transcript of the bench trial. Grand Lodge is mentioned by name almost 30 times in the 22 page judgment. Grand Lodge's constitution and bylaws were admitted into evidence at the bench trial and were cited by the trial court in its judgment. The judgment spends over four pages explicitly addressing a claim that the Property was being held in an implied trust for Grand Lodge. In its judgment, the trial court found that Trilumina Lodge is not a corporate entity but is a subordinate lodge of Grand Lodge. The first element is satisfied.

The second element is "that the applicant's ability to protect the interest is impaired or impeded." *Robinson*, 672 S.W.3d at 231-32 (internal quotation marks omitted). In its motion to intervene, Grand Lodge stated that "disposition of the current action may as a practical matter impair or impede [Grand Lodge's] ability to protect its interest in the Property at issue herein." Grand Lodge claimed that the Amended Articles of Incorporation were not valid. Its ability to argue that would be impaired by the trial court's finding that the Amended Articles of Incorporation were valid. *See, e.g., Toombs v. Riley*, 591 S.W.2d 235, 236-37 (Mo. App. W.D. 1979) (noting that stare decisis could impede the denied intervenor and that "[i]n practical terms (which the rule enjoins be applied), exclusion from that primary action enfeebles the effect of evidence available only to the [intervenors]."). The second element is satisfied.

15

The third element is "that the existing parties are inadequately representing the applicant's interest." *Robinson*, 672 S.W.3d at 232 (internal quotation marks omitted). "[T]he fact that two parties are on the same side of the dispute is not enough, in and of itself, to preclude intervention." *Allred*, 372 S.W.3d at 486. "Rather, [t]he determination of whether a proposed intervenor's interest is adequately represented by an original party to an action usually turns on whether there is an identity or divergence of interest between the proposed intervenor and the party." *Id*. (internal quotation marks omitted). "Another factor to be considered is how effective the representation will be in light of a legal disability or the trial strategy of the party which would preclude the party from presenting the claims or defenses of the proposed intervenor." *Id*. at 486-87 (internal quotation marks omitted). "Furthermore, where the first two requisites for [intervention as of right] are met, the third element requires only the 'minimal showing' that the representation 'may be' inadequate." *Id*. at 487 (internal quotation marks omitted). "Thus, once a proposed intervenor establishes an interest in the underlying litigation and that such an interest may be impaired or impeded if intervention is not permitted, the third element is satisfied upon a 'minimal showing' that there is a divergence of interest between the proposed intervenor and the party." *Id*.

The 2019 Board of Directors brought this lawsuit against the six individual members who comprised the 2021 Board of Directors. It added Trilumina Lodge as a party after being ordered to do so, though it argued that Trilumina Lodge was not a legal

entity. The six individual members of the 2021 Board of Directors did not represent Trilumina Lodge.

In its judgment, the trial court listed the six individual men who comprised the 2021 Board of Directors as the defendants. It did not identify Trilumina Lodge as a defendant. The trial court found the following in its judgment:

> Trilumina Lodge is not a legal entity registered with the Missouri Secretary of State. As such, Trilumina Lodge cannot enter into a contract, own property, or otherwise attempt to conduct business. Despite Defendants' allegations that Marshall Temple is controlled by Trilumina Lodge …. Trilumina Lodge cannot "control" Marshall Temple in any sense of the word, as that would constitute conducting business in the State of Missouri. Again, Trilumina Lodge is not a legal entity and therefore is incapable of owning property or entering into a contract. The attempted transfer of the Property (and the subject Warranty Deed) must be void as a matter of law.

(internal citations and references to the record omitted). The trial court further found that "Trilumina Lodge is not a legal entity and therefore does not and did not ever have any right to control, transfer, or own the Property, nor any right to control, own, or change authorized signers for the [bank account]."

At the hearing on the motion to dismiss for failure to join necessary parties, which occurred before the motion to intervene, the trial court stated that the evidence might show that Trilumina Lodge is not a legal entity, and Trilumina Lodge might be dismissed as a party. On appeal, Grand Lodge argues that Trilumina Lodge could not represent its interests because it was not really a party to the suit. The Respondents agree, stating in their brief that "[b]ecause Trilumina cannot sue or be sued, it was a legal nullity for Trilumina to be added as a party defendant."

17

Grand Lodge is a legal entity registered with the Missouri Secretary of State. Further, Grand Lodge argued at the hearing on the motion to intervene that Masonic organizations were set up in a specific manner and that the amendment of the Articles of Incorporation was an attack on that structure across the state of Missouri. Trilumina Lodge could not advance that argument because it was only one lodge under Grand Lodge.

Significantly, Grand Lodge sought to assert its own claims against the 2019 Board of Directors and Marshall Temple for conversion, breach of fiduciary duty, and declaratory relief/quiet title. The defendants' counterclaims were dismissed prior to the filing of the motion to intervene. As the case proceeded to trial, the plaintiffs were the only parties asserting claims and the defendants were solely in a defensive position. Grand Lodge was seeking to do more than deny the plaintiffs' claims. It wanted to take an offensive posture and assert its own claims. Trilumina Lodge and the 2021 Board of Directors did not. The third element is satisfied.

Grand Lodge met all three elements of intervention under Rule 52.12(a). The trial court erred in finding otherwise. The point is granted.

**Points II-IV**

In its second point on appeal, Grand Lodge claims the trial court erred in entering final judgment because it lacked jurisdiction. It argues that the pending suit adjudicated the rights of Grand Lodge even though Grand Lodge was not a party to the suit. In its third point on appeal, Grand Lodge alternatively argues that the trial court erred in

18

holding that Grand Lodge was not a third party beneficiary to the original Articles of Incorporation. In its fourth point on appeal, Grand Lodge alternatively argues that the trial court erred in holding there was no implied trust in favor of Grand Lodge with respect to the Property. Given our disposition of Point I, we need not address these points. They are denied without prejudice.[3]

## Conclusion

Grand Lodge satisfied the three requisite elements of intervention as of right. "Consequently, its right to intervene was absolute and could not be denied." *Allred*, 372 S.W.3d at 488. The trial court erred in denying the motion to intervene as a matter of right. The judgment is reversed and remanded with instructions to grant Grand Lodge's intervention.[4]

Anthony Rex Gabbert, Judge

All concur.

---

[3] The Respondents filed a motion to dismiss Appellant's Points II-IV. That motion was taken with the case and is now denied given this opinion.

[4] The Respondents filed a motion for their attorneys' fees on appeal. That motion was taken with the case and is now denied given the disposition in this opinion.